# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANINE GRONEMAN, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:12-cv-01839-APG-GWF <br><br> **Order Denying Defendant's Motion to Alter or Amend Judgment** <br><br> (Dkt. #31) |

On December 13, 2013, Magistrate Judge Foley entered his Report and Recommendation recommending that this case be remanded to the Social Security Administration for the payment of disability benefits to the plaintiff. (Dkt. #22) I accepted that recommendation and ordered the case remanded for an award of benefits. (Dkt. #27.) Subsequently, defendant moved to alter my judgment, contending that it was manifest error to remand for payment of benefits under recent Ninth Circuit case law. (Dkt. #31.) Defendant argues that if the case is to be remanded, the Administrative Law Judge should be permitted to conduct further proceedings and revisit his decision to discount the credibility of plaintiff's testimony.

In his Report and Recommendation, Judge Foley pointed out the seeming "split of authority" in the Ninth Circuit about what to do when the court determines that the ALJ failed to provide legally sufficient reasons for rejecting the claimant's testimony. (Dkt. #22 at 27:11-14.) For example, in *Benecke v. Barnhart*, the Ninth Circuit held that the appropriate step is to remand for an award of benefits when the "crediting as true" doctrine is satisfied. 379 F.3d 587, 593 (9th Cir. 2004). But in *Connett v. Barnhart*, the Ninth Circuit held that remanding for an award of benefits in that situation is not mandatory. 340 F.3d 871, 876 (9th Cir. 2003).

After Judge Foley issued his Report and Recommendation, the Ninth Circuit provided some clarity when it again addressed this issue in two cases: *Garrison v. Colvin*, 759 F.3d 995 (9th Cir.

2014) and *Treichler v. Commissioner*, 775 F.3d 1090 (9th Cir. 2014). In *Garrison*, the court noted that prior decisions had

> devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). The court then harmonized the cases that Judge Foley referred to as the "split of authority": *Benecke* and *Connett*. "*Connett's* 'flexibility' is properly understood as requiring courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021. The court remanded that case for payment of benefits because no serious doubt existed about the claimant's disability.

Five months after *Garrison* was issued, a different panel[1] of the Ninth Circuit addressed the same issue in *Treichler*. The majority cited to *Garrison*'s interpretation of *Connett* that district courts retain flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." 775 F.3d at 1102 (quoting 759 F.3d at 1021). However, the majority held that remanding for payment of benefits occurs only in "rare circumstances." *Id*. at 1101-1102. Ultimately, the majority remanded that case for further proceedings because serious doubts existed about the claimant's disability. Judge Tashima dissented from that portion of the decision. He would have remanded for the award of benefits. 775 F.3d at 1107.

---

[1] Circuit Judge Tashima sat on both panels for *Garrison* and *Treichler*.

In the present case, each part of the credit-as-true standard is satisfied. First, the record is detailed and complete, and there is no reason to remand to further develop the record. Several witnesses testified and medical records were submitted. The defendant argues that "[t]he evaluation of plaintiff's credibility is a significant outstanding issue that needs to be resolved . . . by the fact finder in this case – the ALJ." (Dkt. #31 at 5:23-25.) *Garrison* expressly rejects this basis for remand:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the first part of credit-as-true analysis.

759 F.3d at 1021-1022 (citations omitted). Neither party is entitled to a remand for further proceedings to establish or attack plaintiff's credibility. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). No outstanding issues must be resolved on remand.

Second, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's testimony because he did not analyze the credibility of her statements and testimony in accordance with the standards set forth in the relevant Ninth Circuit cases.[2]

Third, I agree with Judge Foley that if plaintiff's improperly discredited testimony is credited as true, the ALJ would be required to find her disabled on remand. Upon questioning by the ALJ, the vocational expert confirmed that plaintiff would not be able to perform her past work or other occupations if she suffered from the pain and conditions she described. (Dkt. #22 at 27:2-8.) Thus, crediting her testimony as true, plaintiff is disabled.

Having determined that plaintiff satisfies all three parts of the credit-as-true standard, I must remand for the award of benefits unless "the record as a whole creates serious doubt that a

---

[2] Rather than repeat them here, I incorporate and adopt Judge Foley's findings and analysis in his Report and Recommendation as my own. (Dkt. #22 at 24:17-27:8.)

3

claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *Treichler*, 775 F.3d at 1109 (Tashima, J. dissenting). "The mere existence of some contradictory evidence is insufficient: only if that evidence is extensive and compelling does the credit-as-true rule permit us to remand for further proceedings." *Treichler*, 775 F.3d at 1109 (Tashima, J. dissenting) (citing *Garrison*). Here, although the defendant contends there is evidence that plaintiff is not disabled, that evidence does not rise to the level of "serious doubt." I agree with Judge Foley that "given the testimony of the vocational expert in this case, a conclusion that plaintiff is disabled from performing regular work appears required if her statements and testimony regarding the severity of her symptoms are credited as true." (Dkt. #22 at 29:13-15.)

Finally, remand for an award of benefits achieves the fairness and efficiency that the credit-as-true rule is designed to achieve.

> [A]pplicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims.

*Garrison*, 759 F.3d at 1019 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir.1988)). The ALJ issued his decision over four years ago, when plaintiff was 58 years old. (Dkt. #22 at 29:15-18.) Further delay for unnecessary administrative proceedings would be unjust.

IT IS HEREBY ORDERED that defendant's motion to alter or amend the judgment **(Dkt. #31) is DENIED**. I confirm my previous order (Dkt. #27) that Magistrate Judge Foley's Report and Recommendation (Dkt. #22) is ACCEPTED, plaintiff's motion for reversal or remand (Dkt. #20) is GRANTED, defendant's cross-motion to affirm (Dkt. #21) is DENIED, **and this case is**

**REMANDED** to the Social Security Administration to calculate and pay disability benefits to plaintiff.

IT IS FURTHER ORDERED that plaintiff shall pay the filing fees in this matter upon the receipt of the payment of past due benefits.

Dated:  September 4, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE