UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANINE L. GRONEMAN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTREW,<br><br>        Defendant. | Case No. 2:12-cv-01839-APG-GWF<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>(ECF No. 38) |

      Plaintiff Janine L. Groneman's attorneys move for an award of attorney's fees following Groneman's successful motion for a remand for an award of benefits. No party opposed the motion, although the defendant filed an informative brief without taking a position on fees. I grant the motion.

      Groneman entered into a contingency fee agreement with her attorneys for 25% of any past-due benefits awarded upon a court-ordered reversal of an unfavorable decision by an administrative law judge. ECF No. 38-2 at 1. I reversed the administrative law judge's decision in this case and remanded for an award of benefits. ECF No. 27. Upon remand, the Social Security Administration awarded Groneman $77,153.00 in past-due benefits plus future monthly benefits.[1] ECF No. 38-3.

      Groneman's attorneys present evidence that two lawyers and two paralegals expended 28.7 hours on Groneman's case before this court. ECF No. 38-4. They request essentially the contingency amount of $19,288.00.[2] I previously granted the parties' stipulation to award Groneman $3,500.00 in attorney's fees under the Equal Access to Justice Act (EAJA). ECF No.

---

[1] The award letter does not specify the amount awarded for past-due benefits but it states that the Administration withheld $19,288.25 for potential attorney's fees. ECF No. 38-3 at 3-4. Based on the 25% cap on attorney's fees under 42 U.S.C. § 406, it appears the Administration awarded $77,153.00 in past-due benefits.

[2] Groneman's attorneys have disclaimed any fee for work performed before the Social Security Administration. ECF No. 38 at 7.

36. Groneman's attorneys agree they will credit this amount against any fee awarded under 42 U.S.C. § 406(b). ECF No. 38 at 7; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (stating that a claimant may obtain fee awards under both § 406(b) and the EAJA but the attorney must refund the smaller fee amount to the claimant).

Under 42 U.S.C. § 406(b)(1)(A), when a claimant who is represented by counsel obtains a favorable court judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.*

Although other fee-shifting schemes resort to use of the "lodestar" method to calculate a reasonable attorney's fee, § 406(b) is not a fee-shifting statute. *Gisbrecht*, 535 U.S. at 802. The statute requires the attorney's fee be taken from the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.* Thus, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only statutorily-imposed constraint is that the fee agreement cannot "provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A)).

Consequently, in Social Security cases, I begin with the contingency fee agreement and then "test[] it for reasonableness." *Id.* at 808. "[T]he question is whether the amount need[s to] be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). I may reduce the fee award "based on the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808. Thus, I "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. I may "consider the

lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (emphasis omitted).

The attorney seeking the fee award bears the burden of establishing the fee sought is reasonable. *Id.* at 1148. The award of fees under § 406(b) lies within my discretion. *Id.* at 1147.

The fee agreement in this case provides for an award of 25% of past-due benefits, which amounts to $19,288.25. There is no evidence of substandard performance. Rather, counsel obtained a favorable result in the form of a remand for an award of substantial past and future benefits. There is no evidence counsel caused any delay to increase the contingent amount. Additionally, the fees are not excessively large in relation to the past-due and future benefits obtained for the claimant. *See* ECF No. 38-3 (Social Security Administration's calculation on remand of past-due benefits of $77,153.00 and future monthly benefits in the amount of $1,014.00 per month). Groneman's attorneys therefore have met their burden of establishing a reasonable fee award in the amount of $19,288.00.

IT IS THEREFORE ORDERED that the motion for attorney's fees **(ECF No. 38) is GRANTED**. Plaintiff Janine L. Groneman's attorney, Marc V. Kalagian,[3] is awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,288.00.

IT IS FURTHER ORDERED that Marc V. Kalagian shall reimburse plaintiff Janine L. Groneman the amount of $3,500.00 for EAJA fees previously paid by the Commissioner.

DATED this 5th day of January, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] Although another attorney and two paralegals worked on the case, Groneman's counsel has proposed a form of order directing payment to Marc V. Kalagian. ECF No. 38-1.